dollars; that once before a student had been sent by the plaintiff to the defendant to receive instruction, and he supposed this was the same kind of a transaction.

Our conclusion is that the evidence fails to show any implied authority in Mr. Bradley to sign a paper primarily obligating the defendant to pay a sum of money, but that he did have authority to sign what he thought he was signing, namely a credit certificate for tuition.

Plaintiff, having failed to show any default or breach on the part of defendant in its undertaking to furnish tuition under the terms of the instrument, was not entitled to recover judgment, and it will therefore be reversed.

*Reversed.*

---

## John W. Barnes, Defendant in Error, v. Sleph, Sandrowitz & Goldblatt Company, Plaintiff in Error.

### Gen. No. 19,625.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

### Statement of the Case.

Action by John W. Barnes against Sleph, Sandrowitz & Goldblatt Company to recover damages for the death of plaintiff's horse caused by being struck by a team drawing a heavily loaded wagon claimed to belong to defendant. To reverse a judgment in favor of plaintiff, defendant brings error.

SALTIEL & ROSSEN, for plaintiff in error.

DANIEL A. LEVY, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 187*—*evidence sufficient to show negligence in driving team and wagon.* In an action for the death of plaintiff's horse, claimed to have been caused by being struck by a team and wagon owned by defendant, a judgment for plaintiff *held* sustained by evidence sufficient to show defendant's negligence, where there was evidence that plaintiff's horse hitched to a wagon was standing still behind another wagon and that defendant's team was driven past the front wagon and into plaintiff's horse and wagon.

2. DAMAGES, § 47*—*when evidence sufficient to show horse died as result of injuries.* In an action to recover damages for the death of plaintiff's horse caused by being struck by a team and wagon belonging to defendant, a judgment for plaintiff *held* sustained by evidence showing that the horse died as a result of the injuries, where there was evidence that the horse of plaintiff, a small animal, was knocked down and a wheel of defendant's loaded wagon ran over it, that the horse was taken to a hospital for treatment and died shortly thereafter and that before the accident it had been in good physical condition.

---

### B. Schwinger & Company, Defendant in Error, v. George Redman, trading as G. Redman & Company, Plaintiff in Error.

### Gen. No. 19,680. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

### Statement of the Case.

Writ of error to reverse a judgment recovered by B. Schwinger & Company, a corporation, against George Redman, trading as G. Redman & Company. The only point made by plaintiff in error is that the court erred in refusing to strike certain depositions

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.